IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:11CV16-RJC-DSC

| MAHMOUD N. ALQOLAQ, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND |
| | ) | RECOMMENDATION |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss" (Doc. 7) and "Memorandum Supporting Motion to Dismiss" (Doc. 8), both filed January 26, 2011; and "Plaintiff's Response to Defendant's Motion to Dismiss" (Doc. 11) filed March 4, 2011. No reply was filed by Defendant.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and the Motion is now ripe for the Court's consideration.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>granted</u>, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Taking as true the factual allegations of the Complaint (Doc. 1, Ex. 1), Plaintiff Mahmoud N. Alqolaq owns a home in Charlotte, North Carolina and insured the dwelling and contents under State Farm homeowners policy number 33-KE-7090-9. Compl. ¶¶ 6; 9. A theft of construction

materials and other items occurred at the home on December 1, 2007. Compl. ¶8. Plaintiff made a claim against his State Farm policy and submitted documentation to State Farm regarding his claim. Compl. ¶¶9, 11-12. State Farm has not issued payment for Plaintiff's claim and Plaintiff alleges that State Farm failed to conduct a reasonable investigation into the matter. Compl. ¶¶13-18. Plaintiff filed this lawsuit against State Farm on November 29, 2010 in Mecklenburg County Superior Court asserting (1) breach of contract and (2) bad faith, which contains an alternative claim for unfair and deceptive trade practices. Compl. ¶¶19-29. State Farm removed the action to this Court on January 7, 2011, based on diversity grounds. Doc. 1. Removal has not been challenged and appears proper.

In its Motion to Dismiss, State Farm asserts that Plaintiff has failed to sufficiently plead his second cause of action and failed to state a claim upon which relief can be granted for either bad faith or unfair and deceptive trade practices pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff argues that he has alleged the necessary legal elements for his claims for bad faith and unfair and deceptive trade practices and that his Complaint is legally sufficient to survive Defendant's Rule 12(b)(6) challenge.

## II. DISCUSSION OF CLAIMS

A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked

2

by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554-55) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful

alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

   B. Bad Faith Claim

The elements of a claim for bad faith settlement practices against an insurance company are: "(1) a refusal to pay after recognition of a valid claim; (2) bad faith; and (3) aggravating or outrageous conduct." Topsail Reef Homeowners Ass"n v. Zurich Specialties London, LTD, 11 F. App'x 225, 237 (4th Cir. 2001).

Plaintiff"s Complaint alleges the existence of a contract, the occurrence of a theft, his submission of claim materials and Defendant's failure to pay the claim. See Comp. ¶¶ 4; 8-9; 11-14. The Complaint alleges the "stolen construction materials and other items were covered under the State Farm homeowners policy" and "State Farm is contractually obligated to pay the claim". However, the Complaint never alleges State Farm recognized the theft claim as a valid claim. See id. ¶¶ 10; 15. Plaintiff has failed to allege the first element of bad faith and therefore, cannot raise a right to relief above the speculative level. Furthermore, no examination of Plaintiff's Complaint reveals facts supporting the essential element that State Farm recognized the claim as valid . Therefore, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to Plaintiff's claim for bad faith.

   C. Unfair and Deceptive Trade Practices Claim

To establish an unfair and deceptive trade practices claim in violation of N.C. Gen. Stat. § 75-1.1, a plaintiff must allege and prove three elements: "(1) the defendants committed an unfair and deceptive act or practice, (2) in or affecting commerce; and (3) that the plaintiff was injured thereby." TSC Research, LLC v. Bayer Chemicals Corp., 552 F.Supp.2d 534, 546 (M.D.N.C. 2008). "A practice is unfair if it is unethical or unscrupulous, and it is deceptive if it has a tendency to

deceive." Dalton v. Camp, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001). Actions for unfair and deceptive trade practices are distinct from actions for breach of contract, and a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C. Gen. Stat. § 75-1.1. Branch Banking and Trust Co. v. Thompson, 107 N.C.App. 53, 62, 418 S.E.2d 694, 700 (1992). In order to state a claim for unfair and deceptive trade practices, the Plaintiff must plead "substantial aggravating circumstances attending the breach, which is unlikely ... since [breach of contract] ... claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations." Broussard v. Meineke Discount Muffler Shops, 155 F.3d 331, 347 (4th Cir. 1998) (citing Strum v. Exxon Co., 15 F.3d 327, 333 (4th Cir. 1994)).

Applying the Supreme Court's two-step process for determining whether a complaint alleges sufficient facts to survive a motion to dismiss, it is clear that there are insufficient allegations to support Plaintiff's unfair and deceptive trade practices claim, and therefore, the claim must be dismissed. The Complaint does not contain facts which would allow the Court to find any substantial aggravating circumstances on the part of Defendant. "[N]aked assertions devoid of further factual enhancement" are not sufficient to survive a motion to dismiss." Iqbal, 129 S.Ct. at 1949. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted as to Plaintiff's claim for unfair and deceptive trade practices.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss" (Doc. 7) be **GRANTED** and that Count Two of Plaintiff's Complaint be **DISMISSED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections

to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED**.	Signed: April 7, 2011

David S. Cayer
United States Magistrate Judge